Jeremy T. Bergstrom, Esq.
Nevada Bar No. 6904
BERGSTROM LAW, LTD.
9555 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
(702) 333-0007 | Fax (702) 333-1524
Attorneys for BANK OF THE WEST

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In Re:

BRIAN D CHRIST,

      Debtor(s).

BK NO.: 16-16819-mkn

Chapter 13

## BANK OF THE WEST'S OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN

COMES NOW, BANK OF THE WEST (hereinafter "BOW"), Secured Creditor in the above-listed Bankruptcy, and submits the following Objection to Confirmation of the above-captioned Amended Chapter 13 Plan (hereinafter "Plan") filed on January 8, 2017.

BOW is the lienholder on a 2010 Stealth FS2512 Travel Trailer with VIN number ending in 8251 (hereinafter "Vehicle #1"). The Debtor is the record owner of Vehicle #1 subject to the lien of BOW. The debt obligation related to the purchase of Vehicle #1 was created on or around May 28, 2010. *A copy of the Contract and Vehicle Title to Vehicle #1 are collectively attached hereto as Exhibit "A".*

BOW is also the lienholder on a 2015 Jeep Grand Cherokee with VIN number ending in 6440 (hereinafter "Vehicle #2"). The Debtor is the record owner of Vehicle #2 subject to the lien of BOW. The debt obligation related to the purchase of Vehicle #2 was created on or

around September 13, 2015.  *A copy of the Contract and Vehicle Title to Vehicle #2 are collectively attached hereto as Exhibit "B".*

### Vehicle #1 - 2010 Stealth Travel Trailer

By way of the Debtor's Amended Plan, the Debtor wrongfully identifies Vehicle #1 as a "2009 Forest River Stealth Toy Hauler" and wrongfully identifies the amount of BOW's claim as being $10,377.00.   The Vehicle is a 2010 Stealth FS2512 Travel Trailer and the BOW claim as filed in this Court is the sum of $10,419.30.

More importantly, the Debtor seeks to affix a value of $7,000.00 to Vehicle #1 and cram the loan down to that value to be paid at an interest rate of zero percent.  BOW contends the Debtor's $7,000.00 valuation of Vehicle #1 is egregiously low.  While this is not a 910-day loan and cram down is permissible, cram down is only permissible when the fair market value of the collateral is less than the debt obligation owing against the collateral.  In this case, BOW avers the value of Vehicle #1 is $13,050.00 retail or $10,775.00 mid-book, both amounts exceeding the total debt obligation owing and both amounts significantly exceeding the valuation offered by the Debtor.  *Attached hereto as Exhibit "C" is a true and correct copy of a NADA valuation for Vehicle #1 reflecting the $13,050.00 retail fair market value.*  Since the valuation exceeds the debt obligation owing, cram-down is not permissible and BOW's claim should be paid as filed in its secured claim, specifically the sum of $10,419.30 to be paid at 6.99% interest.

### Vehicle #2 – 2015 Jeep Grand Cherokee

The debt obligation owing to BOW by the Debtor on Vehicle #2 is in default, the delinquency amount being $1,960.00 at the time of filing.  The loan secured by Vehicle #2 is a 910-day loan that cannot be crammed down.  The Debtor's Amended Plan proposes to pay this loan in full over the life of the Plan, so there is no dispute in that regard.  However, there is a

dispute regarding the interest rate at which interest will accrue on the claim during the life of the Amended Plan.

The contract rate of interest on this loan is 4.30%, a rate BOW asserts is very reasonable. Further, it is a rate that is lower than some bankruptcy courts in the Ninth Circuit have applied to 910-day loans in similar circumstances. The Debtor's Amended Plan proposes to reduce the very reasonable 4.30% interest rate to an unreasonable 3.00% rate. BOW argues that a 3.0% rate is a rate lower than bankruptcy courts in this Circuit have found to be reasonable in cases such as this. Further, a 3.0% interest rate fails to provide adequate protection to BOW and it also fails to adequately compensates BOW on its secured and non-modifiable claim.

For the reasons stated above, BOW requests this Court affix a 4.30% interest rate on its Vehicle #2 secured claim.

The matters addressed herein must be resolved prior to confirmation of the Amended Plan. For the reasons stated herein, BOW argues that confirmation of the pending Plan should be denied.

BERGSTROM LAW, LTD.

Dated:    January 17, 2017        By:    /s/ Jeremy T. Bergstrom, Esq.
                                          Jeremy T. Bergstrom, Esq.
                                          Attorney for BANK OF THE WEST

3

# CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 17th day of January 2017, a copy of BANK OF THE WEST'S OBJECTION TO CONFIRMATION OF DEBTOR'S AMENDED CHAPTER 13 PLAN was served by depositing a copy of same in the United States Mail, in a postage prepaid envelope, addressed to:

**DEBTOR:**
Brian D. Christ
430 Old Washoe Circle
Washoe Valley, NV 89704

**DEBTOR'S ATTORNEY:**
Harold C. Comanse
200 S. Virginia Street, 8th Floor
Reno, NV 89501

**CHAPTER 13 TRUSTEE:**
Kathleen A. Leavitt
201 Las Vegas Blvd., SO. #200
Las Vegas, NV 89101

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

 /s/ Maggie Bardis
An employee of Bergstrom Law, Ltd.